UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GONZALO DE PAZ SANCHEZ,

      Petitioner,

    v.                                              Case No.:  2:26-cv-01308-SPC-DNF

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

      Respondents.

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Gonzalo De Paz Sanchez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 13).

De Paz Sanchez is a native of Mexico who entered the United States with a nonimmigrant visa on June 6, 2001.  He overstayed the visa by remaining in the country beyond December 5, 2001.  On December 16, 2013, Immigration and Customs Enforcement ("ICE") issued De Paz Sanchez a notice to appear after he was arrested for domestic violence battery.  An immigration judge ordered him removed on June 13, 2017.  De Paz Sanchez applied for T nonimmigrant status on September 23, 2024.  On November 21, 2024, U.S. Citizen and Immigration Services ("USCIS") notified De Paz Sanchez that it determined the application was bona fide and thereby stayed removal.  *See* 8 C.F.R. § 214.205(g) ("If USCIS determines that an application is bona fide it

automatically stays the execution of any final order of removal, deportation, or exclusion.").

On June 2, 2025, ICE revoked De Paz Sanchez's release because it received a travel document to effectuate removal, issued a warrant of removal, and arrested De Paz Sanchez. ICE enrolled him in an alternative-to-detention program and arranged removal via a flight from Orlando to Mexico on December 23, 2025. De Paz Sanchez did not report to the Orlando airport for the scheduled flight, and ICE arrested him three days later.

De Paz Sanchez challenges the legality of his detention under the Fifth Amendment because of his pending bona fide application for T nonimmigrant status. The government does not address the application or explain why it made removal arrangements despite the automatic stay of removal.

Before addressing the merits of De Paz Sanchez's claim, the Court must address its jurisdiction. The government argues two sections of the INA strip the Court of jurisdiction over this action. It first points to a provision that bars courts from hearing certain claims::

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  This jurisdictional bar is narrow.  "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"  *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General.  Instead, we read the language to refer to just those three specific actions themselves.").  "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged."  *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The government also raises the INA's "zipper clause," which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9).  The zipper clause only applies to claims requesting review of a removal order.  *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of

jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

De Paz Sanchez does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, De Paz Sanchez challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply. *See Zadvydas*, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to federal-court review."). A decision in De Paz Sanchez's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

The Court turns to the merits of De Paz Sanchez's habeas claim. "Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700–01

(2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Supreme Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months— the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues De Paz Sanchez's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal

supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. De Paz Sanchez has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. When the USCIS determined De Paz Sanchez's application for T nonimmigrant status was bona fide, it automatically stayed execution of the removal order. *See* 8 C.F.R. § 214.205(g). ICE cannot remove De Paz Sanchez "until any adverse decision becomes final." *Id.* The burden thus shifts to the government, but it makes no attempt at rebuttal.

The Court finds no significant likelihood De Paz Sanchez will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain De Paz Sanchez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Gonzalo De Paz Sanchez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release De Paz Sanchez within 24 hours of this Order and give him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record